UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIANA L. FORTNER,

    Plaintiff,

v.

RH WINE & CO., INC. d/b/a IPMG,

    Defendants.

No. 20 C 2375

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Diana Fortner alleges that her former employer, RH Wine, denied her of proper compensation and fired her because of her age. She brings nine total claims, and RH has moved to dismiss some of them for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 14. RH's motion is granted in part and denied in part.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

At the time she filed this case, Fortner was 69 years old. She worked for RH from June 2015 until December 10, 2018. She alleges that when RH hired a new 34-year-old vice-president in July 2017, he told her that RH needed "to focus on younger employees so when you older employees retire we have someone to run the company." Fortner alleges that after the vice-president took over, four employees over the age of 50 were let go and replaced by younger people.

Fortner alleges that her supervisor told her that the vice-president said that wage increases would be for younger employees only because older employees would have no other job options. Fortner also alleges that RH's vice-president encouraged working from home for more than 40 hours a week without paying overtime wages. On "several occasions," Fortner worked more than 40 hours in a week but was not paid time and a half for the extra hours. Fortner also alleges that her annual raises

2

decreased in the years after the new vice-president took over even though her performance remained steady and satisfactory.

On December 7, 2018, a meeting was held at which RH sought volunteers to work on Christmas Eve. Fortner said at the meeting that she did not want to volunteer unless she was paid time and half and given an extra day off in January. Fortner also complained at the meeting about the vice-president's prior denial of overtime wages and unequal treatment due to her age. Three days later, the vice-president fired Fortner without providing an explanation.

Fortner's complaint contains the following claims:

- Count I for age discrimination in violation of the Age Discrimination in Employment Act;

- Count II for retaliation in violation of the ADEA;

- Count III for common law retaliation;

- Count IV for hostile work environment in violation of the ADEA and Title VII;

- Count V for discharge in violation of ERISA;

- Count VI for failure to pay overtime in violation of the Fair Labor Standards Act;

- Count VII for retaliation in violation of the Fair Labor Standards Act;

- Count VIII for failure to pay overtime in violation of the Illinois Minimum Wage Law; and

- Count IX for retaliation in violation of the Illinois Minimum Wage Law.

Defendants answered the ADEA claims (Counts I and II), the ERISA claim (Count V), and the Illinois Minimum Wage Law claim (Count VIII), so those claims are not

at issue on this motion. Additionally, Fortner withdrew her claim for retaliation under the Illinois Minimum Wage Law (Count IX), so that claim is also not at issue on this motion.

Defendants move to dismiss the following claims: Count III for common law retaliation; Count IV for hostile work environment; and Counts VI and VII under the Fair Labor Standards Act.

## Analysis

### I.  Count III: Common Law Retaliation

The Illinois Human Rights Act preempts common law civil rights claims. *See* 735 ILCS 5/8-111(D). But tort claims grounded in public policy other than civil rights are not preempted. Accordingly, in *Blount v. Stroud*, the Illinois Supreme Court held that a retaliation claim could proceed when it was based on the allegation that the employee was fired for refusing to perjure herself. 904 N.E.2d 1, 314 (Ill. 2009). The Court reasoned that such a claim was based in the policy against perjury, and so was not "inextricably linked" to civil rights protected by the Illinois Human Rights Act. *Id.*

Here, Fortner alleges she was fired for complaining about discrimination based on her age. The right to be free from discrimination based on age is a civil right. That means Fortner's common law retaliation claim is "inextricably linked" to civil rights and is preempted by the Illinois Human Rights Act. *See, e.g.*, *Cole v. Chicago Tribune Co.*, 2000 WL 656644, at *13 (N.D. Ill. Mar. 23, 2000) ("Here, there is no question that Cole's IIED and wrongful termination claims are inextricably linked to her

allegations of discrimination, as they rely on the same factual predicate as her retaliation and age/gender discrimination claims."). Therefore, Fortner's common law retaliation claim is dismissed.

## II.     Count IV: Hostile Work Environment

To state a hostile work environment claim, the plaintiff must allege that: (1) he was subjected to harassment; (2) the harassment was based on a protected characteristic (in this case age); (3) the harassment altered the terms and conditions of employment; and (4) there is a basis for employer liability. *See Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 834 (7th Cir. 2015). RH argues that Fortner's allegations do not rise to the level of a hostile work environment.

The Court agrees. Fortner has not alleged that she was subject to any actions that could be described as "harassment." "Harassment" is "intimidation, ridicule, and insult," and the like. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). Fortner does not allege that she was subjected to any such conduct. Rather, she alleges that she was paid less and ultimately fired because of her age. That plausibly alleges discrimination, but not harassment. Therefore, her hostile work environment claim is dismissed.

## III.    Counts VI and VII: Fair Labor Standards Act Written Notice

RH argues that Fortner's Fair Labor Standards Act ("FLSA") claims should be dismissed because she failed to comply with the following statutory requirement: "No employee shall be a party plaintiff to any such action unless he gives his consent in

5

writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). But this is simply the provision of the statute prohibiting class actions and mandating that plaintiffs opt-in to join a collection action under the FLSA. See *Schaefer v. Walker Bros. Enterprises*, 829 F.3d 551, 553 (7th Cir. 2016) ("Suits under the Fair Labor Standards Act cannot proceed as class actions. Instead they are opt-in representative actions." (citing § 216(b))). Even if this section applies to an individually prosecuted claim, certainly Fortner's complaint constitutes written consent. RH cites no authority that Fortner was required to file any other written consent with the Court besides her complaint. Therefore, RH's motion to dismiss Fortner's FLSA claims is denied.

### IV. Count VII: Fair Labor Standards Act Retaliation

"To fall within the scope of the [FLSA's] antiretaliation provisions, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it in light of both content and context, as an assertion of rights protected by the statute a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011). RH argues that Fortner did not clearly complain about FLSA violations to state a claim for retaliation based on those complaints.

Fortner alleges that she asked for time and a half to work on Christmas Eve and complained that she had not received time and a half wages for prior overtime work. These statements are plausibly construed as a complaint. It is not clear whether she framed this complaint in terms of illegality. But it is plausible that she did. Whether the complaint rises to the level of triggering liability for retaliation must

await discovery regarding the factual circumstances of Fortner's complaint. Notably, the cases RH cites for dismissal were at the summary judgment stage. *See* R 24 at 4 (citing *Cotto v. John C. Bonewicz, P.C.*, 2015 WL 3609167, at *1 (N.D. Ill. June 9, 2015); *Courtright v. Bd. of Cty. Comm'rs of Payne Cty., Okla.*, 2011 WL 2181954, at *1 (W.D. Okla. June 3, 2011)). RH will also have that opportunity to test Fortner's claim.

V.  **Damages Claims**

RH also asks the Court strike Fortner's claims for punitive damages and damages for "severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation," because "[s]uch damages are not permitted under the ADEA." R. 24 at 5. It is unnecessary to determine at the pleading stage whether such damages are available in this case. The answer to that question will await preparation of jury instructions if the case reaches that point.

**Conclusion**

Therefore, RH's motion to dismiss [14] is denied in that Counts VI and VII will proceed, and Fortner's damages claims will not be stricken; and the motion is granted in that Counts III and IV are dismissed without prejudice. Fortner may file a motion for leave to file an amended complaint if she believes she can cure the deficiencies with Counts III and IV described in this order. Such a motion is due October 19, 2020, and should be supported by a brief of no more than five pages, attaching as an exhibit a redline comparison of the proposed amended complaint with the original complaint. A status hearing is set for October 1, 2020, at 9 a.m., at which the parties should be

7

prepared to set a discovery schedule. Fortner should also be prepared at the status hearing to state whether she intends to file amended Counts III and IV.

                                                                    ENTERED:

                                                                    _____
                                                                    Honorable Thomas M. Durkin
                                                                    United States District Judge

Dated: September 17, 2020